JOHN T. WALLACE *versus* INHABITANTS OF COLUMBIA.

If at any time during a term of the Court there is no supernumerary juror present, and a vacancy occurs on either panel, it may be filled by causing a talisman to be returned, instead of transferring one from the other jury.

But a juror can be thus returned from the by-standers only for some particular case then to be tried, for which alone he should be sworn.

It is too late, after the trial, to object that a juror was irregularly returned and sworn, if the facts were known to the party before the trial, and it does not appear that he was thereby injured. (R. S., c. 82, § 73.)

Motions to set aside a verdict, and grant a new trial, cannot be determined at *Nisi Prius.* (R. S., c. 82, § 33.)

THIS was an action upon the case, to recover damages for injuries, which the plaintiff alleged he sustained, by reason of a defect in a road which the defendants were bound to keep in repair.

The jury returned a verdict for the plaintiff. The defendants filed a *motion to set aside the verdict* as being against the evidence, and an additional motion, in which they set forth that Mason H. Wilder, who acted as one of the jurors in the trial of said action, was not duly drawn and summoned as a juror for said term of the Court, nor was he returned from the by-standers or from the county at large to complete the panel in the trial of said cause, in consequence of there not being a sufficient number of jurors duly drawn and summoned, who could be obtained for the trial of said cause; nor was the said juror returned by the sheriff or his deputy or coroner, or any other disinterested person appointed by the Court, to sit as a juror, in the trial of the cause.

"Upon the foregoing motion, it having been made to appear to the Court that a vacancy had occurred upon the second jury, and for the trial of another cause, the Court directed a talisman to be drawn for said jury, whereupon the sheriff returned said Mason H. Wilder, the talisman who served upon said jury, and was selected by the sheriff to serve in all cases in which a talisman might be called for by the Court, during the term, and having been sworn to render a true verdict in all causes that might be committed to him during the term, according to the law and the evidence given.   And it appearing that the number of traverse jurors drawn for this term had been reduced below twenty-four, and the second jury just having been employed for a day in the trial of another cause, and the first jury being empaneled for the trial of this case, and a juror thereon excused by reason of interest, the Court directed a talisman to be returned for said jury, where-upon the clerk called upon a „drawn juror, but the Court suggested that, as the regular jury had been employed for some time, it would be better to take a talisman, and the clerk thereupon called the said Wilder, who was placed upon the jury, having been duly sworn as aforesaid, and not sworn again.   And the counsel for the defendants knew that said talisman had not been re-selected or re-sworn in this cause, at the commencement of the trial, and made no objection to the sitting of said talisman.   In view of said facts, MAY, J., presiding, overruled the said motion, to which the counsel for the defendants excepted."

*Hayden & Talbot*, for the defendants.

The person objected to was not rightfully on the jury.

(1.) No such case existed as authorized the selection of a talisman.  R. S., c. 82, § 67.

(2.) He was not selected in the manner prescribed by the statute.

(3.) The juror not having been properly selected and sworn, there was nothing in the acts of the counsel of the defendants which should deprive them of the right to avail themselves of the objection contained in their motion.

In many cases, which are familiar to the Court, it has been held, that it was too late to make the objection after a verdict, if the party making it knew the fact before verdict, and then did not make the objection. The present case differs from the adjudged cases in a decisive particular, viz. :—the objection in these cases was founded on *facts* which were known to exist by the party, who afterwards made the objection, and were *not judicially* known to the Court. In this case, the objection is founded on a mistake of law, made by the presiding Judge, and which, it may well be supposed, the counsel did not see the force of at the time any more than the Judge. It was the duty of the Judge to see that a lawful jury was impaneled for the trial of the cause, and the defendants ought not to suffer for a mistake made by the Court in matter of law, when cognisant of all the facts, simply because their counsel, with no better knowledge of the facts, was not learned enough in the law to detect the mistake at once. When the Court make a decision in matter of law, counsel may well be expected to consider it correct, till they have had an opportunity for consideration and examination of authorities.

In the adjudged cases, the persons to whom objections were made were *jurors*, entitled to serve in other cases, and only disqualified from sitting in the particular case by some *fact* affecting his relation to the particular case.

In this case the person was no *juror;* could not sit in *any* cause, and his inability to sit was a matter purely of law, and not of fact. He was not even sworn to give a true verdict in this cause.

*Bradbury & Walker*, for the plaintiff.

The opinion of the Court was drawn up by

DAVIS, J.—Traverse jurors must be sworn in the order of their names upon the alphabetical lists. The first twelve constitute the first jury; the next twelve the second. If, at any time during the term, there are no supernumeraries present, and there is a vacancy on either panel, we have no doubt it may be filled by causing a talisman to be returned, instead of

transferring one from the other jury. But a juror can be thus returned from the by-standers only for some particular case then to be tried, for which alone he should be sworn. If the occasion for a talisman recurs, one should be returned and sworn again, as before. If jurors are wanted for the term, new venires should be issued therefor. R. S., c. 82, § 68.

The juror objected to was not properly returned, nor sworn, in the case at bar. But the facts were known to the defendants before the trial; nor does it appear that they were injured by the irregularity. It was too late for them to make the objection afterwards. R. S. c. 82, §§ 73, 74.

The action is for damages occasioned by a defect in a highway which the defendants were bound to keep in repair. It is urged, that the way was safe and convenient for travel, and that the verdict is against the evidence. There was testimony upon both sides; the question was one for the jury entirely; and, whatever we might think, from the report of the evidence, it does not so clearly appear that the verdict was the result of any bias, prejudice, or mistake, that it should be set aside by the Court.

It is said that the damages were excessive. It would not be easy for the Court, in a suit for *personal* injuries, which were said by some of the witnesses to be permanent, to revise the estimates of the jury, if we knew what they were. But neither from the report, nor from the arguments of counsel, can we ascertain what the amount of the verdict was. The elements which are the basis of it are so intangible, that it ought not to be set aside for being too large, unless it is so excessive as to justify the conclusion that the jury were influenced by improper considerations.      *Motion overruled.*

There should have been no ruling upon the motion at *Nisi Prius.* R. S., c. 82, § 33.      *Exceptions dismissed.*

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.